United States District Court
Southern District of Texas
**ENTERED**
November 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD GRIFFIN, TDCJ #1927774, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3299 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## ORDER TO TRANSFER

Petitioner Gerald Griffin (TDCJ #1927774) is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Griffin has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254, and he has paid the filing fee. Preliminary review of the pleadings reflects that the Petition was improperly filed here and that this case must be transferred for the reasons explained below.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the Petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state court conviction was entered or (2) the district where the petitioner is incarcerated. See Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000).

Griffin reports that he is currently incarcerated at the Eastham Unit as the result of a conviction for organized crime and aggravated robbery with a deadly weapon in a case from Tarrant County.[1] Griffin does not challenge that conviction here. Instead, Griffin seeks relief from a prison disciplinary conviction that was entered against him at the Eastham Unit,[2] which is in Houston County.

Tarrant County, where Griffin was convicted, is located in the United States District Court for the Northern District of Texas, Fort Worth Division. 28 U.S.C. § 124(a)(2). Houston County, where Griffin is incarcerated, is located in the Eastern District of

---

[1]Petition, Docket Entry No. 1, pp. 2, 5.

[2]Id. at 5.

Texas, Lufkin Division. 28 U.S.C. § 124(c)(1). Because neither Griffin's state court conviction nor present place of incarceration is located within the Southern District of Texas, Houston Division, this court has no jurisdiction over the pending habeas corpus Petition. See Wadsworth, 235 F.3d at 961-62.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. See 28 U.S.C. § 2241(d). The interests of justice would appear to be best served in this case if the Petition were transferred to the Eastern District of Texas, Lufkin Division, where the petitioner is presently incarcerated and the challenged disciplinary proceeding occurred.

Accordingly, the Clerk is **ORDERED** to **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Lufkin Division.

The Clerk will provide a copy of this Order to Transfer to the parties.

**SIGNED** at Houston, Texas, on this 9th day of November, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE